# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JUANA OLIVIA TOSTADO,

        Plaintiff,

v.                                                                                 Case No. 10-CV-1162

CHRISTOPHER D. JACKSON, RICK RAEMISCH,
CATHY JESS, DEBORAH CHAMBERS,
REBECCA WILSON, SGT. KANE, SGT. WIGGINS,
SGT. SCAPRIDEAN, SGT. JOHN DOE,
WISCONSIN DEPARTMENT OF CORRECTIONS,
and STATE OF WISCONSIN,

        Defendants.

_____

## ORDER

      On December 23, 2010, plaintiff Juana Tostado ("Tostado") filed a complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated while she was an inmate at the Milwaukee Women's Correctional Center ("MWCC"). In her complaint, Tostado also alleges various state law claims. All of plaintiff's claims arise out of the alleged physical and sexual assaults of defendant Christopher Jackson ("Jackson"), a former Sergeant at MWCC. (Compl. ¶¶ 28-39, 48-65). Jackson was convicted of two counts of sexual assault against Tostado in Milwaukee County Circuit Court, case number 09CF2093, and is awaiting retrial of additional charges involving his conduct toward plaintiff. The additional charges are set for trial on July 18, 2011. Tostado's § 1983 claims against the other defendants are for failing to adequately train, discipline, and supervise Jackson. (Compl. ¶¶ 40-47). This matter comes before the court on defendants' (Deborah Chambers, Cathy Jess, Sergeant Kane,

Rick Raemisch, Sergeant Scapridean, Sergeant Wiggins, Rebecca Wilson, and Wisconsin Department of Corrections) Motion to Dismiss Party, Motion to Intervene, and Motion to Stay Proceedings, all filed on March 31, 2011. (Docket #'s 10, 14, 16).

## DISCUSSION

**I.    Motion to Dismiss**

First, the defendants argue that the Wisconsin Department of Corrections should be dismissed from this action because it is a suit for damages against a state agency. State agencies are not considered a "person" under § 1983, and, therefore, they are not a proper party to a § 1983 lawsuit. *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). For her part, Tostado states that she "takes no position on the Motion to Dismiss." (Pl.'s Reply Mot. Dismiss at 1). Because Tostado's claim for damages against the Department of Corrections is based on § 1983 and the state agency is not a "person" subject to a damages action under § 1983, the court is obliged to dismiss the Wisconsin Department of Corrections from this action.

**II.   Motion to Intervene**

The State of Wisconsin moves the court for permission to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b). (Docket #14). Tostado does not object to the State's intervention. (Pl.'s Reply Mot. Intervene at 1). The State of Wisconsin claims that it must intervene to protect its interests, including its right to challenge whether defendant Jackson was acting within the scope of his employment pursuant to Wis. Stat. § 895.46 during the times referenced in plaintiff's

-2-

complaint, whether the State is subject to pay damages on behalf of Jackson, and whether the State is required to represent Jackson.

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit anyone to intervene who "claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." It appears that the State of Wisconsin is entitled to intervention in this case because disposition without the State of Wisconsin may impair its ability to protect its stated interests, and no other party in the action will protect the State's interest. Thus, the court must grant the motion as to intervention.

### III. Motion to Stay Proceedings

The defendants have also requested that the court stay the proceedings in this case until the state criminal charges pending against defendant Jackson are resolved. Jackson is set to be re-tried on four counts of alleged second degree sexual assault on July 18, 2011. According to the defendants, the pending criminal charges arise from the same facts as this lawsuit. The defendants argue that Jackson's pending criminal proceedings are directly relevant to any future court determination as to the scope of employment and/or indemnification issues. On the other hand, plaintiff objects to defendants' motion to stay the proceedings, arguing that a stay would not only delay the civil litigation against Jackson, but it would also delay adjudication of plaintiff's claims against the other individual defendants.

"[A] district court possesses substantial discretion to control its docket," including the inherent power to stay a case when justice requires. *Employers Ins. of Wausau v. Shell Oil Co.*, 820 F.2d 898, 902 (7th Cir. 1987). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). In determining whether to stay civil proceedings because of a pending criminal action, a court may consider:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants.

*Cruz v. County of DuPage,* 1997 WL 370194, *2 (N.D.Ill. 1997).

Here, the parties agree that this civil lawsuit involves the same subject matter as the criminal case. Specifically, the conduct of defendant Jackson is the underlying conduct on which plaintiff's civil rights allegations and state law claims rest. On the other hand, Tostado's allegations set forth against Jackson's co-defendants, though based on the underlying conduct of Jackson, are not being addressed in the criminal case. The court agrees with Tostado that these allegations represent a separate factual question. Accordingly, the court finds that this factor does not weigh in favor of a stay. However, neither does it weigh against the granting of a stay because of the significant overlap of issues.

Next, the court has permitted the State of Wisconsin to intervene in this matter and, therefore, it is a party to the instant case, as well as to the state court criminal

action. This factor weighs in favor of the issuance of a stay because there is some danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, thereby circumventing the Fifth Amendment right against self-incrimination. *See Cruz*, 1997 WL 370194, at *3.

Third, the posture of the criminal case seems to weigh in favor of the granting of a stay. The criminal case is ongoing against defendant Jackson, suggesting that a stay would be appropriate. The fact that the criminal case is nearing its conclusion – with a trial date set for mid-July 2011 – is also significant because it means any delay in the civil proceeding would be minimal, excepting a further delay in the criminal case. Furthermore, the defendant argues that criminal convictions regarding Jackson's conduct may have a preclusive effect in the civil case and are also likely to be directly relevant to the court's inquiry on the State's anticipated motions concerning scope of employment and indemnity under Wis. Stat. § 895.46. As such, the court finds the posture of the criminal case weighs in favor of the issuance of a stay.

The fourth factor for the court to consider is the effect on the public interests at stake if a stay were to be issued. Typically, the relevant inquiry is whether a stay would enable the defendants to engage in some continuing wrong. *See Cruz*, 1997 WL 370194, at *3. Defendants do not address this issue in their motion. However, at least with regard to defendant Jackson, the possibility is slight as he is currently incarcerated. As for the other defendants, it is unclear whether they are still engaged in the same employment. If they are still employed at the State of

Wisconsin Department of Corrections, it is conceivable that future acts similar to the ones alleged in the civil complaint may occur, yet such a possibility is also slight. Thus, this factor does not appear to weigh against the issuance of a stay. Nor does it weigh in favor of a stay.

In any event, the defendant argues that the public has an interest in avoiding any possible interference with the prosecution of the defendant. Defendants posit that such interference could arise if civil discovery, including sworn testimony, is elicited while the criminal charges are still pending. The public does have an interest in the effective prosecution of the defendant and, therefore, the court finds this factor weighs in favor of a stay.

Next, the court must inquire into the effect of a stay on the interests of the plaintiff. The defendant argues that a short delay of a few months should not prejudice the plaintiff because she is no longer incarcerated, and this is simply a suit for monetary damages. Tostado argues that while she is no longer incarcerated, she is entitled to have her complaint addressed in a timely manner because she will continue to suffer emotional and physical harm the longer the matter is left unresolved. The court is sympathetic to the plaintiff's argument, but notes again that the resulting delay from a stay of these proceedings would likely postpone the matter for, at most, three months. The plaintiff further argues that staying the proceedings would impair her ability to pursue her case as a delay would allow "witnesses to disappear and memories to fade." (Pl.'s Reply at 3). While this concern is not without merit, the delay at issue here is only a matter of months, and it does not

appear that it would be highly prejudicial to plaintiff's ability to effectively prepare her case. Accordingly, the court finds this factor weighs slightly in favor of a stay because the prejudice to plaintiff would be minimal.

Lastly, Jackson's co-defendants argue that without a stay, their defense in this lawsuit will be prejudiced because their ability to engage in full discovery will be hampered. In support of this argument, the defendants contend that their defense will include sworn deposition testimony from Jackson. Moreover, the defendants assert that it is reasonable to assume that Jackson will not be a cooperative witness while criminal charges – based on the same subject matter as the civil suit – are pending against him. While the court finds this argument rather speculative, it is conceivable that Jackson may be less cooperative in civil discovery while criminal charges are pending against him. Of more concern to the court, however, is the possibility that the parallel proceedings would undercut defendant Jackson's privilege against self-incrimination. Because defending a civil action involving the same matter for which a party is under indictment is a severe burden, *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir. 1980), the court finds the burden on defendant Jackson weighs in favor of a stay.

Based on the court's above analysis, the court finds that on balance, the facts of this case support the issuance of a stay pending the outcome of Jackson's state criminal proceedings. Therefore, the court will grant the defendants' motion to stay the proceedings.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Dismiss Party (Docket #10) be and the same is hereby **GRANTED**; the Wisconsin Department of Corrections is dismissed from this action;

**IT IS FURTHER ORDERED** that the defendants' Motion to Intervene (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants' Motion to Stay Proceedings (Docket #16) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **STAYED** pending the outcome of defendant Jackson's state court criminal proceedings in Milwaukee County Circuit Court Case Number 09CF2093; the parties shall notify the court in writing of the resolution of the criminal case when one has been reached.

The Clerk is directed to administratively close this case for statistical purposes.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge